**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ELIAS HERNANDEZ-HERNANDEZ,
as next friend of
HUGO HERNANDEZ-HERNANDEZ,

       Petitioner,

v.                                          No. 2:26-cv-00974-MIS-JHR

WARDEN, Otero County Processing Center,
MARY DE ANDA-YBARRA, in her official
capacity as El Paso Field Office Director of
the Immigration and Customs Enforcement;
TODD LYONS, in his official capacity as
Acting Director of the Immigration and
Customs Enforcement; TODD BLANCHE,
Acting Attorney General of the United States;
and MARKWAYNE MULLIN, Secretary,
Department of Homeland Security,

       Respondents.

## <u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>

**THIS MATTER** is before the Court on Petitioner Hugo Hernandez-Hernandez's Verified

Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed April 3, 2026 by his next friend

(and brother) Elias Hernandez-Hernandez.[1] Respondents Mary De Anda-Ybarra, Todd Lyons,

Todd Blanche, and Markwayne Mullin ("Federal Respondents"),[2] filed a Motion for Order

---

[1]      The Court refers to Hugo Hernandez-Hernandez as "Petitioner."

[2]      Respondent Warden, Otero County Processing Center, did not file a response or otherwise appear in this case. It has become standard practice in these habeas cases for the warden of the relevant detention center to either appear and adopt the federal respondents' arguments, <u>see, e.g.</u>, Intriago-Sedgwick v. Noem, Case No. 1:25-cv-01065-MIS-LF, Notice of Joinder In USA Respondents' Forthcoming Claims and Defenses, ECF No. 11 (D.N.M. Dec. 3, 2025), or not appear at all, <u>see</u> <u>Francisco v. Dedos</u>, Case No. 1:25-cv-01229-MIS-GJF, Proposed Findings and Recommended Disposition at 8, ECF No. 53 (D.N.M. Jan. 20, 2026).

("Motion") on April 15, 2026. ECF No. 6. In the Motion, Respondents request the Court confirm Immigration and Customs Enforcement (ICE) is not prohibited from releasing Petitioner so that he may depart the United States. Id. at 2.[3] The Court will instead grant Petitioner's Petition for a Writ of Habeas Corpus for the reasons below.

Petitioner had a hearing before an Immigration Judge (IJ) on March 5, 2026. Mot. at 1, ECF No. 6. The IJ issued an order ("Order") denying Petitioner's "cancellation of removal" request and granting Petitioner's "application for post-conclusion voluntary departure" by May 5, 2026. Order at 2, ECF No. 6-1. The Order became final on April 5, 2026. Mot. at 1, ECF No. 6. The IJ "warned that an 'alternate order of removal to Mexico' would 'take effect immediately' if Petitioner did not depart the United States by May 5, 2026." Id.; Order at 2-3, ECF No. 6-1.

The IJ ordered both that Petitioner be detained pending his departure and that Petitioner "must post a $500.00 bond with DHS within five business days of this order." ECF No. 6-1 at 2; see also 8 U.S.C. § 1229c(b)(3) ("An alien permitted to depart voluntarily under this subsection shall be required to post a voluntary departure bond, in an amount necessary to ensure that the alien will depart, to be surrendered upon proof that the alien has departed the United States within the time specified."). Respondents have not indicated whether Petitioner was permitted to post bond pending his voluntary departure. See generally Motion, ECF No. 6. But, as the IJ also ordered Petitioner remain in detention, ECF No. 6-1 at 2, Respondents indicate Petitioner has remained in detention, see Mot. at 1-2, ECF No. 6, and Petitioner has the instant Petition pending, ECF No. 1, it appears he was not permitted to post bond.

---

[3] Respondents list Elias Hernandez-Hernandez as the Petitioner and Hugo Hernandez-Hernandez as the "next friend" in the docket title. Mot. at 1, ECF No. 1. That is not correct. Hugo Hernandez-Hernandez is in detention and his brother, Elias Hernandez-Hernandez, filed the Petition as the next friend. ECF No. 1 at 1; see also Order of Immigration Judge at 1, ECF No. 6-1.

Respondents acknowledge that although Petitioner is technically under a "'post-conclusion voluntary departure under INA § 240B(b) [§ 1229c(b)],' Petitioner's imminent departure from the United States is not 'voluntary' in the traditional sense of the word." Mot. at 2 n.1. "[A]s a practical matter, individuals detained at the Otero County Processing Center in New Mexico ('Otero') who are facing such an order to depart [are] driven from Otero the U.S.–Mexico border and returned to Mexico." Id.

In their Motion, Respondents represent that "the only reason Petitioner is detained is because the 04/01/26 District Court order [ECF No. 4] prohibited transfer/removal, absent a final order of removal." Id. at 2 (cleaned up). If the Court had not prohibited transfer or removal in its Order to Answer/Show Cause and Enjoining Transfer, ECF No. 4, Respondents indicate ICE would have "driven [Petitioner] from Otero [to] the U.S.–Mexico border and returned [Petitioner] to Mexico" on April 6, 2025, see Mot. at 2 n.1, ECF No. 6. As it stands now, ICE is detaining Petitioner until this matter is resolved or until May 6, 2026, at which time the IJ's "alternate order of removal to Mexico" takes effect. See id.

The Court therefore finds Respondents' representation that the Court's Order, ECF No. 4, is preventing ICE from "allowing Petitioner to depart the United States," Mot. at 2, ECF No. 6, inaccurate. "[A]llowing Petitioner to depart the United States" indicates Petitioner would, if released, make his way across the United States-Mexico border on his own recognizance. See § 1229c(b)(1) ("The Attorney General may permit an alien voluntarily to depart the United States at the alien's own expense if, at the conclusion of a proceeding under section 1229a of this title, the immigration judge enters an order granting voluntary departure in lieu of removal . . ."). Whereas Respondents are asking the Court to permit them to retain Petitioner in custody until they deposit

him at the border, thus mooting Petitioner's request for release from detention. Mot. at 2, ECF No. 6.

Respondents have cited no authority permitting them to transform a "voluntary departure" into a "practical matter" of driving detainees directly from Otero to the border against their will. See generally Motion, ECF No. 6. If detainees represent that they are departing voluntarily and they desire ICE to drive them to the border, the Court sees nothing to prevent ICE from doing so. But where a petitioner has asked for his release on bond prior to his mandatory departure date, it indicates to the Court that he does not wish to be driven to the border by ICE to effect his voluntary departure, but rather wishes to be released on bond before effecting his own departure.

It appears to the Court that Petitioner is seeking release on bond prior to his mandatory departure on May 5, 2026. See generally Pet., ECF No. 1. Taking the § 1229c statutory structure, the IJ's Order, and Respondents' lack of authority for "practical" voluntary departure together, the Court sees no reason why it should not consider the Petition as it stands: a request for a bond hearing or immediate release before his mandatory departure on May 5, 2026.

Respondents' Counsel did not distinguish this case from other cases this Court has decided involving the detention of noncitizens already present in the United States—as opposed to noncitizens detained at a border crossing or port of entry—but argued ICE be permitted to detain Petitioner until depositing him at the border as part of his "voluntary" departure.  Mot. at 1-2, ECF No. 6.

Ultimately, the Court finds that the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, and adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in Lopez-Romero v. Lyons,

4

Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026). Briefly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See generally Mot., ECF No. 6. As Petitioner is subject to voluntary departure, he must post the voluntary departure bond on release. See Order at 2, ECF No. 6-1; § 1229c(b)(3).

The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order and to entertain any motions for attorneys' fees.

Accordingly, it is **HEREBY ORDERED** that:

1.  Hugo Hernandez-Hernandez' Verified Petition for Writ of Habeas Corpus, ECF No. 1 is **GRANTED**;

2.  Respondents are **ORDERED** to immediately release Petitioner Hugo Hernandez-Hernandez from detention subject to the voluntary departure bond ordered by the Immigration Judge, $500.00;

3.  Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk;

4.  Respondents **SHALL NOT** impose any new condition of release;

5

5.    Respondents **SHALL** file a Notice of Compliance with this Order; and

6.    The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE